Jones, J.
The docket and journal entries disclose that the plaintiff in error had filed his bill within 40 days after the overruling of his motion for a new trial; that he had filed his petition in error, together with a transcript and original papers, save the bill of exceptions, within 70 days after rendition of judgment; and that neither at the time he filed his petition in error, nor within *92 the 70 days succeeding the judgment, had the bill which he had filed in the trial court been allowed and'signed by the trial judge. The court of appeals, as disclosed in its published opinion, ordered the deletion for the reason that the bill was not signed before September 23d, and that if it had been so signed it could not be considered because not filed in the appellate court until February 6, 1915. This holding was made presumably because its filing in the latter court was not within the time limited for error proceedings.
The questions of practice involved, in the light of our error statutes and adjudications thereunder^, are both interesting and important and involve the construction of Sections 12263 and 11572, General Code. These two sections should be harmonized, if possible, in order to give effect to each, and furthermore to sustain the principle that no litigant should be deprived of a legal right because of a ministerial nonfeasance of some officer, whether that officer be an attorney, clerk or judge. Section 12263, General Code, imposes upon the losing litigant a clear and positive duty, requiring him to file with his petition in error a transcript of the docket or journal entries, with such original papers or transcripts thereof as may be necessary to exhibit the error complained of. While this section apparently requires the original papers to be filed concurrently with the petition in error, it has been hpld that this requirement has been sufficiently complied with if such original papers, etc., are filed within the period of limitation fixed for prosecuting error. Townsend v. Harrison, 58 Ohio St., 398; Second National *93 Bank of Bucyrus v. Moderwell et al., 59 Ohio St., 221, and Brigel et al. v. Kittredge et al., (unreported) 65 Ohio St., 576, cited in Falconer et al. v. Martin et al., 66 Ohio St., 359.
Since proceedings in error are entirely statutory, the requirements relating thereto must be strictly followed where they are prerequisite to jurisdiction. That principle is well established. But if doubt arises in the construction and application of cognate statutes relating to procedure, it is also well established that a liberal construction will obtain, in order that a litigant may not be deprived of a remedy attaching to a legal right otherwise granted him. So that, in the case at bar, while the duty was cast upon the plaintiff in error to file his bill within the seventy-day limitation, that duty obviously could not be complied with, as by the ministerial omission of the clerk or trial judge such bill was' not available and in the hands of the clerk on the seventieth day after judgment. Section 12263, General Code, requires a positive compliance with its provisions on the part of the plaintiff in error as a prerequisite to jurisdiction, under the cases cited.
However, where counsel for the losing party has performed all the statutory requirements relating to the preparation, filing and perfection of the bill his client will not be allowed to suffer detriment by reason of neglect or default in the ministerial act of a clerk who fails to transmit or a judge who fails to allow and sign the bill within the prescribed time. The Cincinnati Traction Co. v. Ruthman, 85 Ohio St., 62, and Pace v. Volk, 85 Ohio St., 413.
In the latter case the bill was filed in the circuit *94 ' court within the statutory limitation for error, thé judge having allowed and signed it within that period. In the former case the trial judge did not allow and sign the bill until after the limitation period had expired. In both cases this court held that the appellate courts should have considered the bill. In the Pace case, supra, had the excepting party not secured its filing in the circuit court’ within the period of statutory limitation, when the judge had signed it within that time, this court might have held, as we now do, that, giving effect to Section 12263, General Code, the bill should not have been considered. If, however, the ministerial, official delinquencies result in the perfection of a bill after the period of limitation for error has expired, the Ruthman case, supra, is authority supporting the conclusion that the bill in such event may be considered by the reviewing court. The rule adopted in that case is substantially carried into statute law by virtue of Section 11572, General Code, which provides that for purposes of review, and to secure a stay of execution of judgment, or order, a plaintiff in error may file his petition in error without waiting to perfect his bill. The section then provides: “Thereafter, within the time limited by law therefor, he may prepare, have allowed and signed, a bill of exceptions, which when duly allowed and filed in the trial court, he also may file in tne error proceeding; whereupon, it shall be received and considered by the reviewing court as if filed with his petition in error.”
This section does not repeal, by implication, Section 12263, but supplements it, by a provision that *95 a bill legally perfected, where the losing party is not guilty of dereliction, may be considered by the reviewing court before final judgment. The “time limited by law” therein referred to comprehends the time fixed for the perfection of the bill of exceptions. This section is sufficiently comprehensive to permit the filing of the bill in the error court at any time before that court enters upon the final consideration of the case, but the section does not absolve the plaintiff in error from full performance of his duty if the bill is perfected and filed in the trial court within the limitation period; and if filed on the last day of that period, a precipe directing its filing in the reviewing court would be a compliance under the statute. For it may be possible that though the bill be perfected the plaintiff in error may deem it unnecessary to supplement his record by a filing of the bill, but may place his reliance entirely upon errors dehors the bill.
This mode of procedure does not necessarily divest the reviewing court of its discretion. If, before its consideration on review, counsel for plaintiff in error has failed to exercise diligence in availing himself of a bill and securing its presentation to the court for consideration, it would have the right, in a proper case, to pass upon the record without the bill, but such disposition rests in its discretionary powers. In the instant case the facts disclose that the excepting party had in fact done all that was required of him; that the delay in the perfection of the bill was caused by the act of the clerk or trial judge, and that the bill was filed in the court of appeals nearly a year before the same was *96 stricken from the files for the reasons stated in the journal entry.
We therefore hold that a plaintiff in error who has performed his statutory requirements, relating to the preparation, filing and perfection of a bill of exceptions, must file the same in the reviewing court within the time of limitation for error if the same has been allowed and signed within that period, and that if, through no fault of his own, it has been allowed and signed after such period, he may file th'e same in the reviewing court before final disposition, in which event it is incumbent upon him to use due diligence in securing such allowance, filing and presentation to the appellate court. And finally, whether or not he has done so is a matter for the determination of that judicial tribunal.
The judgment of the court of appeals is vacated, and the case remanded to that court with instructions to consider the bill of exceptions.

Judgment vacated.

Nichols, C. Johnson, Donahue, Wanamaker, Newman and Matthias, JJ., concur.